```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

| | |
|---|---|
| Vera Shtapova and | ) |
| Vladimir Shtapov, | ) |
| | ) |
|         Plaintiffs, | ) |
| | ) |
|    v. | )   No. 09 C 6698 |
| | ) |
| United Airlines and | ) |
| Lufthanza German Airlines, | ) |
| | ) |
|         Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Each of the two defendants in this action brought by plaintiffs Vera Shtapova and Vladimir Shtapov under Article 19 of the Montreal Convention dealing with international air transportation--United Airlines ("United") and Lufthansa ("Lufthansa," misspelled in the Complaint as "Lufthanza")--is represented by the same law firm.  Defense counsel have nevertheless seen fit to file two separate 20 page Answers on behalf of their clients, even though the consequent painstaking effort that is required for a comparative review of those responsive pleadings has unsurprisingly disclosed that the Answers simply mirror each other.[1]  It should have taken no more than a moment's thought for counsel to realize that such dual filings were both thoughtless and inconsiderate of the added

---

[1] If we were still functioning in the ancient era of the typewriter (perhaps including carbon copies) rather than in the computer age, a wise secretary would probably have rebelled at having to do the needless extra work--to everyone's benefit.

burden thrust on the reader.

Meanwhile this Court has engaged in the necessary (or, perhaps more accurately, unnecessary) extra effort, and this memorandum order has triggered by an examination of the pleadings. Two problematic aspects of both Answers and of their accompanying affirmative defenses ("ADs") require correction.

To begin with, a host of paragraphs in each Answer (Paragraphs 6, 7, 11, 12, 15, 30, 32-39, 41, 42 and 44-47 in both Answers, Paragraphs 9 and 19 in United's Answer and Paragraphs 20 and 21 in Lufthansa's Answer) properly invoke the disclaimer prescribed by Fed.R.Civ.P. ("Rule") 8(b)(5) as the basis for a deemed denial, but they then follow those invocations with assertions that the pleader "therefore denies same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in the face of Rule 11(b)'s requirements? Hence the quoted phrase is stricken from all of those paragraphs of the Answers.

As for the ADs, some of them do not conform to the concept implicit in Rule 8(c)(1) and the caselaw applying that Rule (see, as well, App'x 5 to this Court's opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), all of which require a defendant to accept a plaintiff's allegations as gospel but allow the defendant to explain why it should

2

nonetheless be insulated from liability, or perhaps should be liable for less than plaintiff claims. Here are the troublesome ADs noted by this Court:[2]

> 1. AD 2 is stricken from each responsive pleading as inconsistent with the allegations of the Complaint.
>
> 2. United's AD 7 is stricken for the same reason.
>
> 3. United's AD 8 and Lufthansa's AD 6, both of which speak of the possibility of obtaining indemnity or contribution from third parties, do not bear on either airline's potential liability vis-a-vis plaintiffs. As such, both of those ADs are also stricken.

Because of the pervasiveness of the errors described here and to ease future burdens on plaintiffs' counsel and this Court, both of the present pleadings are stricken in their entirety, but with leave of course granted to file a single coordinated amended responsive pleading on or before January 20, 2010. No charge is to be made to either airline by counsel for the added work and expense incurred in correcting counsel's own errors. Defense counsel are ordered to apprise their clients to that effect by

---

[2] What is said here is not necessarily exhaustive. Plaintiffs' counsel are free to target other ADS via appropriate motion.

3

letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date:      January 7, 2010