IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

VERA SHTAPOVA, et al.,         )
                               )
         Plaintiffs,[1]        )
                               )
    v.                         )    No.  09 C 6698
                               )
UNITED AIRLINES, et al.,       )
                               )
         Defendants.           )

                       MEMORANDUM ORDER

    This Court's invariable practice is to consider, as it must, the existence or nonexistence of subject-matter jurisdiction at the very inception of litigation (see, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)).  And if a question as to such jurisdiction arises at any stage of the proceedings, the same duty of sua sponte examination persists regardless of

---

[1] What the ensuing text reflects is consistent with Russian usage as to the names of married couples, even though almost none of the pleadings have conformed to the correct version of the plaintiff couple's surnames: "Shtapov" for the husband and "Shtapova" for the wife.  Surprisingly, the parties' often-mistaken usage began with the caption of the Complaint itself, although plaintiffs' counsel--who is obviously of Russian derivation--has to know better.  In any event, this order's use of "Shtapovs" as a collective noun to denote the plaintiff couple should not be mistaken for male chauvinism--it is simply consistent with the customary English-language sequence of "Mr. and Mrs." rather than "Mrs. and Mr."  But to return to the need for correctness and uniform treatment:

    1.  This Court orders the Clerk's Office to correct the case caption to reflect the proper surnames.

    2.  All parties (as well as this Court) will be expected hereafter to conform to the same proper usage in all written materials.

whether the parties have raised or addressed that question (<u>Craig v. Ontario Corp.</u>, 543 F.3d 872, 874-75 (7th Cir. 2008)).  Here this Court's review of the motion for partial summary judgment on damages submitted by defendants United Airlines ("United") and Lufthansa German Airlines ("Lufthansa") against plaintiffs Vera Shtapova and Vladimir Shtapov (collectively "Shtapovs") has occasioned just such an inquiry.

Article 1(2) of the Montreal Convention ("Convention"), on which Shtapovs seek to base their action, defines its scope (and thus this Court's subject matter jurisdiction) this way:

> For the purposes of this Convention, the expression <u>international carriage</u> means any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

Here Shtapovs' United ticket reflects a flight that originated in Perm, Russia, made stops in Frankfurt, Germany and Washington, D.C. and terminated in Chicago.  Such a flight would not appear to fit within the scope of the Convention because Russia, unlike the United States, is not a signatory to that treaty (see U.S. Dep't of State, Multilateral Treaties in Force as of January 1, 2010, at 320, <u>available at</u> http://www.state.gov/documents/organization/143863.pdf).

There may however be a possibility that further input from

2

Shtapovs as to their underlying travel agreement may suffice to establish jurisdiction. For example, <u>Gustafson v. Am. Airlines, Inc.</u>, 658 F.Supp.2d 276, 287 (D. Mass. 2009) has held that a round-trip ticket originating and ending in a signatory country with a stop in another state comes within the Convention's scope.

This Court does not of course rule on what is at best a hypothetical possibility. But given what has been said here, unless on or before March 3, 2011 Shtapovs' counsel files (and delivers to this Court's chambers a hard copy of) a further submission that provides (1) an appropriate factual predicate for jurisdiction (e.g., that Shtapovs' previously-submitted one-way ticket was actually purchased as part of a round-trip ticket originating and terminating in the United States[2]) coupled with (2) a brief legal discussion of the subject, this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.[3]

                                                                         _____
                                                                         Milton I. Shadur
                                                                         Senior United States District Judge

Date: February 17, 2011

---

[2] This possible example is only by way of a guide to Shtapovs' counsel as to what type of information might aid this Court in its determination.

[3] Counsel for United and Lufthansa may if they wish provide input on either or both of the same subjects.